Ruffin, Judge.
 

 If in any case, in this State, the age of a will dispenses with the. necessi'y of proving it, that rule cannot apply here, because the devisee, was heir at law of the testator, and his possession is consequently consistent with either title.
 

 The question then turns entirely on the sufficiency of the evidence of probate. The act of
 
 ;777 (Rev. c- 115 s. 57,)
 
 enacts, that the County Courts may lake probate of wills, and order them to be recorded in proper books to be kept for that purpose. The act of 1784
 
 (Rev. c. 225 s.
 
 6,) enacts, that Ibe probate of a will shall be sufficient evidence of a devisee, and that attested copies of such wills, or the records thereof,by theproper officer may be given in evidence, as the original might. It must, therefore appear that the will has been proved. This can only be done by tiie records of the Court. The original being on file is no evidence, that it, was proved. It might have been barely deposited by the
 
 executor;
 
 or oa-veatod, and adjudged to be no will. The certificate of the Clerk on t >e will itself, has commonly been received as evidence of the probate, bemuse be is the *'4 proper officer” to attest, the acts of the Court. But regularly, it ought to appear by (he minutes of the Court how it was proved, and the order for recording; and it ought to be recorded. If itd'd so appear on the minutes, or if it were recorded in the book of wills, those records would make the proper evidence, heeau e these records are the acts of the Court — by whose hand soever the Court may have caused the facts to be set down. But in the present case, it doth not appear that atiy order Whatever was made on the record or minutes of orders
 
 *529
 
 of the Court, nor that tlie paper itself has been recorded. It must he presumed, that the party did pot offer such evidence, because it does not exist; and the inference therefrom is very strong, that no probate was, in fact, adjudged by the Court. The certificate alone of a deputy Clerk irt his own name is altogether insufficient evidence. He cannot attest the records of the Court, nor certify its acts. The original paper being among the archives of the Clerk’s office does not establish its probate. Its identity perhaps may be inferred from the certificate of the
 
 Clerk;
 
 but much more certainly, and also the probate of it from the
 
 record of
 
 it. In the absence of such record, and any minutes of the probate, it cannot be received in evidence. The certificate on it is a nullity, unless it appear that the principal had died ; in which case by the act of
 
 1777 {Rev.
 
 c. 115 s. 86) the deputy becomes Clerk. The judgment is therefore affirmed.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.